IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01425-WYD-MJW

CONTINENTAL WESTERN INSURANCE COMPANY, an Iowa corporation,

Plaintiff,

v.

COLONY INSURANCE COMPANY, a Virginia corporation,

Defendant.

**ORDER ON
PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF CLAIM FILE DOCUMENTS
ON COLONY INSURANCE COMPANY'S PRIVILEGE LOG
(Docket No. 25)**

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 4) issued by Senior Judge Wiley Y. Daniel on June 4, 2013.

Now before the court is Plaintiff's Motion to Compel Production of Claim File Documents on Colony Insurance Company's Privilege Log (Docket No. 25) filed on March 11, 2014. The court has carefully considered the subject motion (Docket No. 25), defendant's response (Docket No. 31), and plaintiff's reply (Docket No. 33). The court has also considered the disputed documents (Docket Nos. 37, 37-1, 37-2) which were submitted for *in camera* review. In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**I. Background**

Plaintiff Continental Western Insurance Company (hereinafter "CWIC") brought this matter against defendant Colony Insurance Company (hereinafter "Colony") for reimbursement of defense and indemnity payments on behalf of their common insured, Pepper Equipment Corp., in connection with certain claims and lawsuits arising from a listeria epidemic traced to Jensen Farms cantaloupe. Pepper sold equipment to Jensen used to process the cantaloupe. CWIC and Colony both provided liability coverage to Pepper during a certain time period, but their coverage did not overlap in time.

As part of Jensen's bankruptcy claim resolution process, parties allegedly responsible for the listeria outbreak were permitted to participate in order to also obtain settlements with listeria claimants. CWIC negotiated an agreement allowing Pepper to participate in this process in exchange for agreed to contributions by CWIC. Colony did not participate in the process. CWIC contends it resolved claims and suits that should have been defended and indemnified by Colony, based on the date when "bodily injury" occurred for a given claimant. There are currently cross motions for summary judgment (Docket Nos. 21 & 23) in this matter pending before Senior Judge Daniel.

Among its requests for production of documents, CWIC sought Colony's "complete claims file(s) for listeria-based claims, demands or suits against [Pepper], and all documents regarding same to the extent not contained in said claims file(s)." Colony produced its claims file subject to its claims of attorney-client and work product privilege. CWIC also requested "[a]ny documents evidencing communications between Colony, its attorneys or representatives, or any other person or entity, on the other hand, concerning the application of the Colony Policy . . . to any listeria-based claim, suit or

demand against Pepper." Colony produced some documents in response to this request, but withheld others on privilege grounds. In the subject motion (Docket No. 25), CWIC seeks an order from the court compelling Colony to produce some number of the withheld documents.

## II. The Sur-Reply and Response to the Sur-Reply

On April 24, 2014, Colony filed a Motion for Leave to Submit a Sur-Reply (Docket No. 40). On May 12, 2014, CWIC filed a Motion for Leave to File Response to Colony's Sur-Reply (Docket No. 45).

Colony argues it should be permitted to file a sur-reply because CWIC made several arguments "that are completely new or substantially expanded" in its reply (Docket No. 33). These allegedly new or expanded arguments, which related to the attorney-client privilege, are as follows: (1) Colony has placed "at issue" attorney-client privileged materials, thereby waiving any protections; (2) Colony has not met its burden to establish the applicability of the attorney-client privilege; and (3) the common interest exception negates the applicability of the attorney-client privilege. CWIC contends that these arguments were properly raised in the subject motion (Docket No. 25).

This court's local rules contemplate only the filing of responses and replies to motions; they do not contemplate sur-replies (or responses to sur-replies). See D.C.COLO.LCivR 7.1(d). Regardless, courts in this district will occasionally permit sur-replies. However, they are generally disfavored and will only be permitted in exceptional circumstances. See Locke v. Grady Cnty., 437 F. App'x 626, 633 (10th Cir. 2011). One such circumstance is when new arguments are inserted into a reply, under which the court may: "(1) choos[e] not to rely on the new arguments in determining the

4

outcome of the motion; or (2) permit[ ] the nonmoving party to file a surreply." EEOC v. Outback Steak House, 520 F. Supp. 2d 1250, 1260 (D. Colo. 2006) (citing Pippin v. Burlington Res. Oil & Gas Co., 440 F.3d 1186, 1992 (10th Cir. 2006)).

The "Law and Argument" section of the subject motion contains two subheadings: (1) "The Work Product Doctrine Does Not Protect Colony's Underlying Claim File From Discovery In A Subsequent Coverage Dispute;" and (2) "The Subject Documents are Relevant to CWIC's Equitable Claims and the Issue Of Colony's 'Unclean Hands.'" Docket No. 25, at 6, 11.  On the surface, then, it does not appear that CWIC raised its attorney-client privilege arguments in its motion.  The court, however, will look past the subheadings to the text of the motion

CWIC does not discuss the attorney-client privilege in any detail in its motion. Rather, it is mentioned briefly in the section describing the discovery at issue: "Likewise, as it relates to the attorney-client privilege, Colony improperly withheld and/or redacted certain non-privileged documents based on an overly expansive application of that privilege." Docket No. 25, at 5.  The court finds that this conclusory statement alone cannot be considered an "actual argument" put forth by CWIC.  This is true regardless of the fact that Colony chose to treat it as one in its response.  In addition, while the "common interest" exception is mentioned in the motion, there is no meaningful discussion as to how the exception applies to Colony's attorney-client privileged materials. See Docket No. 25, at 9.  Accordingly, the court finds that attorney-client privilege arguments in CWIC's reply must be considered "new arguments."

The court will not rely on the new attorney-client privilege arguments in making its determination on the subject motion.  There is no apparent reason as to why these

5

arguments were not included in the subject motion; Colony plainly asserted both the work product doctrine and the attorney-client privilege as justification for withholding certain documents. CWIC could have addressed the attorney-client privilege in detail in the subject motion like it did the work product doctrine. Instead, the attorney-client privilege was only mentioned in passing. For these reasons, the court finds that the Motion for Leave to Submit a Sur-Reply (Docket No. 40) and the Motion for Leave to File Response to Colony's Sur-Reply (Docket No. 45) should be denied.

## III. Analysis

CWIC advances two arguments as to why Colony should be compelled to produce the claimed privileged documents: (1) the work product doctrine does not protect Colony's underlying claim file from discovery in a subsequent coverage dispute; and (2) because CWIC has asserted that Colony acted with "unclean hands," much of Colony's claims file is discoverable that otherwise may not be.

### 1. The Work Product Doctrine

The work product immunity derives from Fed. R. Civ. P. 26(b)(3)(A), which provides in relevant part:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
> (i) they are otherwise discoverable under Rule 26(b)(1); and

>    (ii) the party shows that it has substantial need of the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

See American Banker's Ins. Co. of Florida v. Colorado Flying Academy, Inc., 97 F.R.D. 515, 516 n.1 (D. Colo. 1983) (noting that Rule 26(b)(3) codifies the work product doctrine recognized in Hickman v. Taylor, 329 U.S. 495 (1947)).

A document is protected by the work product privilege if it was prepared in anticipation of litigation by another party or that party's representative, and was intended to remain confidential. Aull v. Cavalcade Pension Plan, 185 F.R.D. 618, 624 (D. Colo. 1998).

CWIC concedes that materials prepared in connection with the instant action are protected under the work product doctrine, but argues that Colony's claim file documents "regarding the investigation, management and proposed disposition of the Underlying Listeria claims" are not protected. CWIC argues that the presumptive "trigger date" for application of the work product doctrine is March 5, 2013, the date CWIC sent Colony an intent to sue letter related to this action.

CWIC primary argument as to why the materials in question are not protected under the work product doctrine is that the materials were prepared in anticipation of a separate action, not the instant action between CWIC and Colony. CWIC misstates the law. Merely because the underlying listeria action is a separate action from this one does not mean the work product doctrine is inapplicable. The Tenth Circuit has made clear that the work product doctrine extends to "subsequent litigation." See Frontier Refining, Inc. v. Gorman-Rupp Co., Inc., 136 F.3d 695, 702-04 (10th Cir. 1998)

(concluding that the work product doctrine extends to subsequent litigation, but declining to determine whether the subsequent litigation need be "closely related") see also FTC v. Grolier Inc., 462 U.S. 19, 25 (1983) (stating that Rule 26(b)(3) "protects materials prepared for any litigation or trial as long as they were prepared by or for a party to the subsequent litigation"). Plainly, this action is closely related to the underlying listeria and death claims. As such, the court finds that the work product doctrine may apply to the underlying listeria action since this is a "subsequent action."

Furthermore, the court finds that the materials produced from March 2012 onward were produced in anticipation of litigation. On March 9, 2012, Colony received two complaints naming Pepper as defendant. Colony declined coverage because the injuries occurred during CWIC's policy period. See Docket No. 23-18; 23-19. On March 16, 2012, CWIC sent a letter to Colony regarding the two complaints. The letter stated in part:

> Because CWIC has undertaken that defense, CWIC has an interest in securing Colony's participation in that defense, and has standing to bring suit both to obtain a judicial declaration of Colony's obligations and to obtain reimbursement for Colony's appropriate share of defense costs incurred and to be incurred.
> We extend to Colony a period of fourteen (14) days from the date of this correspondence within which to consider the foregoing and to revisit its determination on the duty to defend accordingly. . . . I am authorized to advise you that, absent response from Colony during that period of time, CWIC may take steps to enforce what it believes to be Colony's

obligations under the Colony policy without further notice to you.

Docket No. 23-20.  CWIC made clear that if Colony chose not to share in the defense of claims with injuries outside of its policy period, CWIC would bring an action against Colony.  Accordingly, at that time, Colony had reason to anticipate litigation on the issues of contribution, standing, and allocation.

Turning to Colony's privilege log, there are nineteen entries which are solely marked as work product.  The following entries are dated prior to March 2012: Bates # 001019-001021; the top entry on Bates # 003221; and Bates # 003231-003232.  Accordingly, the court finds that those materials are not protected under the work product doctrine and must be disclosed to CWIC.

**2. Unclean Hands**

CWIC claims that Colony acted with "unclean hands" by failing to defend and indemnify Pepper, and consequently, is foreclosed from seeking equitable relief on its terms.  CWIC contends this is akin to a "bad faith" claim.  Accordingly, CWIC argues that the bad faith exception makes much of Colony's claim file discoverable that otherwise may not be.

The court cannot agree with CWIC that its claim that Colony acted with unclean hands so analogous to a bad faith claim that the bad faith exception is applicable.  As pointed out by Colony, this is a commercial, coverage dispute between two insurers, and not an extra-contractual dispute action based on unequal financial status.  Furthermore, CWIC cites to no cases under which the bad faith exception has been applied under similar circumstances.  Accordingly, the court finds that the bad faith exception is not applicable.

9

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that the Motion for Leave to Submit a Sur-Reply (Docket No. 40) and the Motion for Leave to File Response to Colony's Sur-Reply (Docket No. 45) are **DENIED**.  It is further

**ORDERED** that Plaintiff's Motion to Compel Production of Claim File Documents on Colony Insurance Company's Privilege Log (Docket No. 25) is **GRANTED IN PART AND DENIED IN PART** as outlined above.


Date:  June 5, 2014                             s/ Michael J. Watanabe
         Denver, Colorado                     Michael J. Watanabe
                                                           United States Magistrate Judge